IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Charles Ellis,** | Case No. 2:24-cv-3124 |
| **Plaintiff,** | Plaintiff's Complaint and Demand for Jury Trial |
| | Presiding Judge _____ |
| **vs.** | Magistrate Judge _____ |

**Meigs County, Ohio**
**c/o Tim Ihle,**
**County Administrator,**
**100 East 2nd Street, #301**
**Pomeroy, Ohio 45769**

**Donald Scott Fitch,**
**in his official capacity,**
**Meigs County Sheriff,**
**104 East 2nd Street,**
**Pomeroy, Ohio, 45769;**

**Marty Hutton Jr.,**
**in his individual capacity,**
**Meigs County Deputy Sheriff,**
**104 East 2nd Street,**
**Pomeroy, Ohio, 45769;**

**Joshua Golsby**
**in his individual capacity,**
**Meigs County Deputy Sheriff,**
**104 East 2nd Street,**
**Pomeroy, Ohio, 45769;**

       **Defendants.**

# COMPLAINT

## I. Introduction

Plaintiff Charles Ellis ("Plaintiff Ellis"), and his family have been harassed, and forced to live in fear of Defendant Meigs County and its agents. Plaintiff Ellis, while at his home, was confronted by deputies of the Meigs County Sheriff's Office. When Plaintiff Ellis refused to allow deputies inside of his home to speak with his son, they disregarded his right to be free from unreasonable search and seizure by unlawfully, and without justification, entering his home. This unlawful action by the government resulted in the violent arrest of Plaintiff Ellis in his own home for the offense of asserting his constitutional rights. Plaintiff Ellis was then subjected to overnight incarceration for simply refusing to allow armed government agents to unlawfully enter his home. He then endured wrongful prosecution at the hands of the Meigs County Sheriff's Office, prevailing in that matter.

## II. Nature of this Action

1. This is an action arising under the United States Constitution, 42 U.S.C. § 1983 (1983), the Ohio Constitution, Ohio state laws (R.C.), and Ohio common law.

2. Plaintiff Ellis seeks equitable relief, money damages, compensatory damages, punitive damages, and attorney's fees and costs from Defendants for violating his constitutional rights. Plaintiff also brings Ohio state law claims.

## III. Parties

**A. Plaintiff**

3. Plaintiff Charles Ellis, a citizen of the United States, is currently and at all relevant times a male resident of Meigs County, Ohio.

**B. Defendants**

4. Defendant Meigs County, reached through Defendant County Commissioners, who are named in their official capacity and sue-and-be-sued status under R.C. 305.12, is a unit of local government established under the laws of the State of Ohio and, at all times relevant, was a "person" under 42 U.S.C. § 1983 and acted under color of law.

5. Defendant, Meigs County Sheriff Donald Scott Fitch ("Defendant Fitch"), named in his official capacity, is currently and at all relevant times the sheriff for Defendant Meigs County, Ohio, appointed and/or renewed the appointment of Defendant Deputies and assigned them to and supervised their performance; pursuant to R.C. 311.05, is responsible for their misconduct when he acts in reckless disregard of that misconduct or ratifies it; and serves as the final policymaking authority on the operations of his Office and the training, assignment, supervision, and discipline of Deputies.

6. Defendant Meigs County Sheriff's Deputy Marty Hutton Jr. ("Defendant Hutton"), named in his individual capacity, was previously and at all relevant times a Deputy Sheriff employed by Defendant Meigs County, Ohio, and was a "person" under 42 U.S.C. § 1983 and acted under color of law.

7. Defendant Meigs County Sheriff's Deputy Joshua Golsby ("Defendant Golsby") named in his individual capacity, was previously and at all relevant times a Deputy

Sheriff employed by deputy Defendant Meigs County, Ohio, and was a "person" under 42 U.S.C. § 1983 and acted under color of law.

### IV. Jurisdiction and Venue

8. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 and 2202 (declaratory relief), and 42 U.S.C. §§ 1983 and 1988.

9. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

10. This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

11. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ.R. 82.1 because the claims arose in and around Meigs County, Ohio.

### V. Facts

12. Plaintiff Charles Ellis is a long-time resident of Defendant Meigs County Ohio, where he currently, and at all relevant times, resides at 42156 Enterprise Road, Pomeroy, Ohio.

13. At all relevant times Plaintiff's son, Caleb Ellis ("Caleb") was residing with Plaintiff at 42156 Enterprise Road, Pomeroy, Ohio.

14. At all relevant times Defendant Fitch was the sheriff of the Meigs County Sheriff's office.

15. On or about December 21, 2022, while working in their official capacity as Deputy Sheriff, Defendants Hutton and Golsby responded to a report of a fight

involving Caleb. That call did not originate from Plaintiff Ellis or anyone at his home. The alleged incident involving Caleb did not occur at the home of Plaintiff Ellis.

16. After interviewing the alleged victim, at a separate location, Defendants Hutton and Golsby went to 42156 Enterprise Road, Pomeroy, Ohio, Plaintiff Ellis' home. This occurred sometime after 7pm, while it was dark outside. There they encountered Plaintiff Ellis, who was inside his home. Prior to arriving deputies did not see nor contact Caleb outside of Plaintiff Ellis' home.

17. When deputies knocked on the door of his home Plaintiff Ellis told them to leave. Defendant Hutton responded by telling him to "shut his mouth." Defendants Hutton and Golsby refused to leave, instead they remained in the curtilage of Plaintiff Ellis' home.

18. When deputies refused to leave the curtilage, Plaintiff Ellis asked his wife to get his phone, so that he could record the unlawful actions of deputies. Caleb then opened the door to speak to the deputies. Defendant Hutton asked Caleb what was said by Plaintiff Ellis and Caleb explained that Plaintiff Ellis had requested his phone.

19. Defendants Hutton and Golsby would later falsely report that Plaintiff Ellis requested that someone get him his gun.

20. Defendants Hutton and Golsby did not immediately make entry after hearing Plaintiff Ellis' statement, instead they remained at the door and argued with Caleb.

21. During the interaction Plaintiff Ellis can be seen on the bodycam footage, in the background, on his phone attempting to access his camera.

22. Caleb remained inside the home and continued his conversation, asserting his right to remain inside the home, as the deputies shout conflicting commands.

23. Defendant Hutton threatened Caleb with an arrest for assault if Caleb refused to step outside of the home to speak with deputies. But Caleb refused to exit the home; instead, he told deputies he will speak with them while staying where he is. At no point did Caleb exit the house voluntarily.

24. Defendant Hutton held the door open and told Caleb that the deputies would come into the home to arrest him if he did not exit. Defendant Hutton then told Caleb that Defendant Hutton could enter the home without a warrant.

25. Caleb then requested to put on a shirt before leaving the home. Before Caleb could do so, and without a warrant, Defendant Golsby forcibly entered the home, followed by Defendant Hutton.

26. When deputies entered the home, Plaintiff Ellis repeatedly shouted for them to leave. The deputies shouted in response.

27. One of the defendant deputies tased the family dog.

28. Caleb is forcibly removed from his home.

29. Plaintiff Ellis attempted to exit the home so he could continue recording the encounter when one of the deputies forced the front door closed on Plaintiff Ellis, striking Plaintiff Ellis with the door.

30. Deputies re-enter the home, and forcibly take Plaintiff Ellis to the ground—in his home, with his wife looking on—and place handcuffs on him.

31. Then, the deputies drag Plaintiff Ellis down his front steps and through his yard.

32. Plaintiff Ellis is arrested and taken into custody at the jail of Defendant Meigs County Ohio.

33. On December 22, 2022, Defendant Golsby filed a complaint alleging a violation of R.C. 2903.13(A)(3), felonious assault on a police officer, in Meigs County Court case no. CRA2200522. In his complaint Deputy Golsby wrote that Plaintiff Ellis assaulted him by "striking Deputy Golsby with a metal frame door nearly causing Deputy Golsby to lose his balance and fall off the stairs to his residence."

34. On that same day, Defendant Golsby filed a complaint alleging a violation of R.C. 2921.33, resisting arrest, in Meigs County Court case no. CRB220523.

35. On January 3, 2023, both matters were directly bound over to the common pleas court after a waiver of preliminary hearing.

36. The bind over was received and filed by the Meigs County Common Pleas Court on January 11, 2023, in Meigs County Common Pleas Court case no. 23CR001.

37. Plaintiff Ellis filed a plea of not guilty and requested discovery.

38. Upon review by the prosecuting attorney, the State filed a Motion to Dismiss on April 6, 2023, before the case was ever presented to a grand jury.

39. The Meigs County Common Pleas Court filed an entry dismissing the case on April 7, 2023.

40. At all times described herein Defendants were acting in their official capacity and under color of law.

## VI. Legal Claims

**First Claim for Relief**
**Against Defendant Meigs County, Defendant Fitch, Defendant Hutton, and Defendant Golsby in Violation of 42 U.S.C. § 1983**
**(Fourth Amendment—Unlawful Entry)**

41. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

42. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacity.

43. By entering the home of Plaintiff Ellis, without a warrant or an exception to the warrant requirement, Defendants have violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

44. As a direct and proximate result of Defendants' acts, Plaintiff has and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

**Second Claim for Relief**
**Against Defendant Meigs County, Defendant Fitch, Defendant Hutton, and Defendant Golsby in Violation of 42 U.S.C. § 1983**
**(Fourth Amendment—Excessive Force)**

45. Plaintiff re-alleges all prior paragraphs as if set out here in full.

46. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacity.

47. Defendants used excessive force when seizing and arresting Plaintiff Ellis, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

48. As a direct and proximate result of Defendants' acts, Plaintiff has and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

### Third Claim for Relief
### Against Defendant Meigs County, Defendant Fitch, Defendant Hutton, and Defendant Golsby in Violation of 42 U.S.C. § 1983
### (Fourth Amendment—Unlawful Prosecution)

49. Plaintiff re-alleges all prior paragraphs as if set out here in full.

50. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacity.

51. Defendants lacked probable cause to arrest, detain, and pursue charges against Plaintiff Ellis in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

52. As a direct and proximate result of Defendants' acts, Plaintiff has and continues to suffer damages, including loss of liberty, a deprivation of rights, legal

and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

**Fourth Claim for Relief**
**Against Defendant Meigs County**
**Violation of 42 U.S.C. § 1983**
**(Monell Liability)**

53. Plaintiff re-alleges all prior paragraphs as if set out here in full.

54. This claim is brought against Defendant Meigs County, Ohio for the policies, customs, procedures, and ratification of civil rights violations carried out by the Defendants.

55. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that there was no probable cause to pursue charges against Plaintiff Ellis.

56. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that deputies were conducting unlawful searches and seizures.

57. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that deputies were using excessive force while engaged in seizures and arrests.

58. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that deputies lacked appropriate training regarding searches and seizures.

59. The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference in the training, supervision, and punishment

of deputies related to searches and seizures on the part of Defendant Meigs County to the constitutional rights of Plaintiff, and were a direct and proximate cause of Plaintiff's rights alleged herein.

60. As a direct and proximate result of Defendants' acts, Plaintiff has and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

### Fifth Claim for Relief
### Against Defendant Meigs County, Defendant Fitch, Defendant Hutton, and Defendant Golsby
### R.C. 2307.60: Violation of Ohio Revised Code 2921.45 et seq.
### (Interfering with Civil Rights)

61. Plaintiff re-alleges all prior paragraphs as if set out here in full.

62. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacity, based upon a violation of R.C. 2921.45 et seq, which prohibits public servants from depriving any person of a constitutional or statutory right.

63. At all times relevant each Defendant named in this claim was an employee and/or agent of Meigs County, Ohio, acting within the course and scope of their employment and in furtherance of the interest of and with the consent of Meigs County, Ohio.

64. R.C. 2921.45 states "(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

65. Defendants acted knowingly and intentionally, and their actions were the direct and proximate cause of at least one violation of Plaintiff's Constitutional and statutory rights which caused Plaintiff to suffer actual and financial harm.

66. As a direct and proximate result of Defendants' acts, Plaintiff has and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

### VII. Prayer for Relief

**Wherefore,** Plaintiff Charles Ellis respectfully demands judgment against Defendants, jointly and severally, and asks the Court for the following relief:

(a) Declare that Defendants have violated Plaintiffs' civil rights;

(b) Permanently enjoin and prohibit Defendants from interfering with Plaintiff Ellis' constitutional rights. Specifically, to enjoin Defendants from:

   a. Retaliating against Plaintiff Ellis, his family, or his friends for bringing this lawsuit; and

   b. Subjecting Plaintiff Ellis to civil rights violations in the future.

(c) Compensation for financial losses, including pre- and post-judgment interest;

(d) Conscious pain and suffering;

(e) Punitive damages;

(f) Compensatory damages;

(g) Reasonable attorneys' fees and costs in connection with Plaintiff's 42 USC § 1983 and R.C. 2307.60 counts;

(h) Any and all other and further relief as this Court may deem appropriate.

### VIII.  Jury Demand

Plaintiff Ellis demands trial by jury on all counts of the Complaint.

/s/ *L. Scott Petroff*
L. Scott Petroff (#0099563)
Attorney at Law LLC
Counsel for Plaintiff
8 North Court Street, Suite 307
Athens, Ohio 45701
Tel: (740)593-5591
Fax: (740)206-1617
Scott@ScottPetroffLaw.com