**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES ELLIS, et al., | : | |
| Plaintiff, | : | Case No. 2:24-cv-3124 |
| vs. | : | Judge Michael H. Watson |
| MEIGS COUNTY, OHIO, et. al., | : | Mag. Judge Kimberly A. Jolson |
| Defendants. | : | **JURY DEMAND ENDORSED HEREIN** |

**ANSWER OF DEFENDANTS MEIGS COUNTY, OHIO, DONALD SCOTT FITCH, MARTY HUTTON, JR., AND JOSHUA GOLSBY TO PLAINTIFF CHARLES ELLIS' COMPLAINT (DOC. 1)**

Now come Defendants Meigs County, Ohio, Donald Scott Fitch, Marty Hutton, Jr., and Joshua Golsby (hereinafter collectively "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint (Doc. 1) state as follows:

1. Responding to Section "I. Introduction" of Plaintiff's Complaint, Defendants deny that Plaintiff and his family have been harassed or forced to live in fear.  Further responding to said paragraph, Defendants state that on December 21, 2022, Deputies Hutton and Golsby responded to and personally received multiple eyewitnesses reports that Plaintiff's adult son had assaulted an elderly, disabled individual and were attempting to investigate those reports and speak with Plaintiff's adult son when an altercation occurred after Plaintiff refused to allow the deputies to speak with his adult son.  Defendants deny the remainder of   Section "I. Introduction" of Plaintiff's Complaint.

2. Responding to paragraphs 1, 2, 4, 8, 9, 10, 11, 42, 46, 50, 54, 62, and 64 of Plaintiff's Complaint, Defendants state that said paragraphs set for legal conclusions to which no

responsive pleading is required. To the extent that said paragraphs are deemed to allege facts concerning Defendants, said paragraphs are denied.

3. Upon information and belief, Defendants admit paragraphs 3, 12, 13, and 15 of Plaintiff's Complaint.

4. Responding to paragraphs 5 and 14 of Plaintiff's Complaint, Defendants admit that Scott Fitch was the Meigs County Sheriff at times relative to Plaintiff's Complaint. Defendants state that the remainder of said paragraphs sets for legal conclusions to which no responsive pleading is required.

5. Responding to paragraph 6 of Plaintiff's Complaint, Defendants admit that Marty Hutton was a Meigs County Sheriff's Deputy at times relative to Plaintiff's Complaint. Defendants state that the remainder of said paragraph sets for legal conclusions to which no responsive pleading is required.

6. Responding to paragraph 7 of Plaintiff's Complaint, Defendants admit that Joshua Golsby was a Meigs County Sheriff's Deputy at times relative to Plaintiff's Complaint. Defendants state that the remainder of said paragraph sets for legal conclusions to which no responsive pleading is required.

7. Responding to paragraphs 16 and 17 of Plaintiff's Complaint, Defendants state that on December 21, 2022, Deputies Hutton and Golsby responded to and personally received multiple eyewitnesses reports that Plaintiff's adult son had assaulted an elderly, disabled individual and were attempting to investigate those reports and speak with Plaintiff's adult son when an altercation occurred after Plaintiff refused to allow the deputies to speak with his adult son. Defendants Hutton and Golsby were attempting to complete their investigation based upon

probable cause that a crime had been committed by Plaintiff's adult son. Defendants deny the remainder of said paragraphs either expressly or for lack of knowledge.

8. Responding to paragraphs 18 and 19 of Plaintiff's Complaint, Defendants state that shortly after knocking on Plaintiff's door, it was believed that Plaintiff was overheard stating "Get my gun." Plaintiff's adult son was asked if Plaintiff had said anything about a gun and Plaintiff's son responded "…He said where's my phone." Defendants deny the remainder of said paragraphs.

9. Responding to paragraphs 20, 21, 22, 23, 24, 25, 26, and 28, Defendants state that a brief conversation occurred at the doorway to the home in which Plaintiff's adult son acted belligerent, swore at the deputies, and refused to comply with requests. Plaintiff's adult son then asked to go get a shirt and was told "You stay right there," but he began to retreat into the trailer and out of the sight of the deputies. Before Plaintiff's adult son could retreat further into the trailer, the residence was entered and Plaintiff's adult son was led outside. Defendants deny the remainder of said paragraphs either expressly or for lack of knowledge.

10. Responding to paragraph 27 of Plaintiff's Complaint, Defendants state that a dog in the residence was tased after a female in the residence who is believed to be Plaintiff's wife let the dog loose and it bit Deputy Golsby. Defendants deny the remainder of said paragraphs either expressly or for lack of knowledge.

11. Responding to paragraphs 29 and 30 of Plaintiff's Complaint, Defendants state that after Plaintiff's adult son was led outside of the trailer, Deputy Golsby attempted to close the door to the trailer and Plaintiff pushed the door back open which knocked Deputy Golsby off balance on the small landing to the stairs of the trailer. Deputy Golsby attempted to place Plaintiff under arrest and Plaintiff grabbed a hold of the door frame and dropped to the floor. Defendants deny the remainder of said paragraphs either expressly or for lack of knowledge.

12. Defendants deny paragraphs 31, 41, 43, 44, 45, 47, 48, 49, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 65, and 66 of Plaintiff's Complaint.

13. Defendants admit paragraphs 32, 33, 34, 40, and 63 of Plaintiff's Complaint.

14. Responding to paragraphs 35, 36, 37, 38, and 39, Defendants are without sufficient information to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

15. Defendants deny all allegations not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

16. Plaintiff's summons is not sufficient.

17. Plaintiffs failed to properly perfect service upon all or some Defendants.

18. Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, as well as immunity from punitive damages. This includes, but is not limited to the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744 et. seq.

19. Plaintiff failed to mitigate his damages in whole or in part.

20. Plaintiff has failed to state a claim upon which relief may be granted.

21. Plaintiff's own contributory and/or comparative negligence, assumption of the risks, misconduct, and/or failure to conduct due diligence may have caused or contributed to cause the injuries and damages of which they complain.

22. Defendants are entitled to setoff on all or some of Plaintiff's claimed damages.

23. Defendants acted in good faith at all times based upon the exigent circumstances at the time.

24. Plaintiff's claims are barred by the waiver, estoppel, and/or the unclean hands doctrine.

25. Plaintiff's claims, in whole or in part, may be barred by the applicable statute of limitations.

26. Defendants hereby reserve the right to assert any additional avoidance or defense for which discovery reveals a basis.

**WHEREFORE**, Defendants asks the Court to deny all of Plaintiff's claims and requests for relief, dismiss this action and tax all costs of this case to Plaintiff.

Respectfully submitted,

/s/ Matthew S. Teetor
Matthew S. Teetor           (0087009)
Andrew Yosowitz             (0075306)
TEETOR | WESTFALL
200 E. Campus View Blvd., Ste. 200
Columbus, Ohio 43235
(614) 412-4000
Fax (614) 412-9012
email: mteetor@teetorlaw.com
             ayosowitz@teetorlaw.com
*Attorneys for Defendants Meigs County, Ohio, Donald Scott Fitch, Marty Hutton, Jr., and Joshua Golsby*

## JURY DEMAND

A trial by jury comprised of the maximum number of jurors permitted by law is hereby demanded.

/s/ Matthew S. Teetor
Matthew S. Teetor           (0087009)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the Court's authorized electronic filing system and a copy of the foregoing document was served via regular U.S. Mail, postage pre-paid, email, and/or this Court's electronic filing system upon the following:

/s/ Matthew S. Teetor
Matthew S. Teetor            (0087009)