| | |
|---|---|
| **Charles Ellis**<br>42156 Enterprise Road<br>Pomeroy, Ohio 45769<br><br>and<br><br>**Caleb Ellis**<br>42156 Enterprise Road<br>Pomeroy, Ohio 45769<br><br>Plaintiffs,<br><br>vs.<br><br>**Meigs County, Ohio**<br>c/o Tim Ihle,<br>County Administrator,<br>100 East 2nd Street, #301<br>Pomeroy, Ohio 45769<br><br>**Donald Scott Fitch,**<br>in his official capacity,<br>Meigs County Sheriff,<br>104 East 2nd Street,<br>Pomeroy, Ohio, 45769;<br><br>**Marty Hutton Jr.,**<br>in his individual capacity,<br>Meigs County Deputy Sheriff,<br>104 East 2nd Street,<br>Pomeroy, Ohio, 45769;<br><br>**Joshua Golsby**<br>in his individual capacity,<br>Meigs County Deputy Sheriff,<br>104 East 2nd Street,<br>Pomeroy, Ohio, 45769;<br><br>**Defendants.** | Case No. 2:24-cv-3124<br><br><br><br><br><br>Plaintiffs' First Amended Complaint<br><br><br>Judge Michael H. Watson<br><br>Mag. Judge Kimberly A. Jolson |

EX A

# FIRST AMENDED COMPLAINT

## I.   Introduction

Plaintiff Charles Ellis ("Plaintiff Charles Ellis"), Plaintiff Caleb Ellis ("Plaintiff Caleb Ellis"), and their family have been harassed, and forced to live in fear of Defendant Meigs County and its agents. Plaintiff Charles Ellis and Plaintiff Caleb Ellis, while at their home, were confronted by deputies of the Meigs County Sheriff's Office.

When Plaintiff Charles Ellis refused to allow deputies inside of his home to speak with his son, Plaintiff Caleb Ellis, deputies disregarded the right to be free from unreasonable search and seizure by unlawfully, and without justification, entering the home of both Plaintiffs. This unlawful action by the government resulted in the violent arrest of Plaintiff Charles Ellis in his own home for the offense of asserting his constitutional rights. Plaintiff Charles Ellis was then subjected to overnight incarceration for simply refusing to allow armed government agents to unlawfully enter his home. He then endured wrongful prosecution at the hands of the Meigs County Sheriff's Office, prevailing in that matter.

When Plaintiffs attempted to exercise their First Amendment Rights by posting on the Meigs County Sheriff's Facebook page, Plaintiffs discovered that they had been blocked from exercising their Right to Free Speech.

## II.   Nature of this Action

1. This is an action arising under the United States Constitution, 42 U.S.C. § 1983 (1983), the Ohio Constitution, Ohio state laws (R.C.), and Ohio common law.

2. Plaintiffs seek equitable relief, money damages, compensatory damages, punitive damages, and attorney's fees and costs from Defendants for violating their constitutional rights. Plaintiffs also brings Ohio state law claims.

**III.   Parties**

**A. Plaintiff**

3.  Plaintiff Charles Ellis, a citizen of the United States, is currently and at all relevant times a male resident of Meigs County, Ohio.

4.  Plaintiff Caleb Ellis, a citizen of the Unites States, is currently and at all relevant times a male resident of Meigs County, Ohio.

**B. Defendants**

5.  Defendant Meigs County, reached through Defendant County Commissioners, who are named in their official capacity and sue-and-be-sued status under R.C. 305.12, is a unit of local government established under the laws of the State of Ohio and, at all times relevant, was a "person" under 42 U.S.C. § 1983 and acted under color of law.

6.  Defendant, Meigs County Sheriff Donald Scott Fitch ("Defendant Fitch"), named in his official capacity, is currently and at all relevant times the sheriff for Defendant Meigs County, Ohio, appointed and/or renewed the appointment of Defendant Deputies and assigned them to and supervised their performance; pursuant to R.C. 311.05, is responsible for their misconduct when he acts in reckless disregard of that misconduct or ratifies it; and serves as the final policymaking authority on the operations of his Office and the training, assignment, supervision, and discipline of Deputies.

7.  Defendant Meigs County Sheriff's Deputy Marty Hutton Jr. ("Defendant Hutton"), named in his individual capacity, was previously and at all relevant times a Deputy Sheriff employed by Defendant Meigs County, Ohio, and was a "person" under 42 U.S.C. § 1983 and acted under color of law.

8. Defendant Meigs County Sheriff's Deputy Joshua Golsby ("Defendant Golsby") named in his individual capacity, was previously and at all relevant times a Deputy Sheriff employed by Defendant Meigs County, Ohio, and was a "person" under 42 U.S.C. § 1983 and acted under color of law.

9. Defendant Meigs County Sheriff's Captain William Frank Stewart ("Defendant Stewart") named in his individual capacity, was previously and at all relevant times a Captain Sheriff employed by Defendant Meigs County, Ohio, and was a "person" under 42 U.S.C. § 1983 and acted under color of law.

**IV.    Jurisdiction and Venue**

10. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 and 2202 (declaratory relief), and 42 U.S.C. §§ 1983 and 1988.

11. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

12. This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

13. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ.R. 82.1 because the claims arose in and around Meigs County, Ohio.

**V.    Facts**

14. Plaintiff Charles Ellis is a long-time resident of Defendant Meigs County Ohio, where he currently, and at all relevant times, resides at 42156 Enterprise Road, Pomeroy, Ohio.

15. Plaintiff Caleb Ellis is a long-time resident of Defendant Meigs County Ohio, where he currently, and at all relevant times, resides at 42156 Enterprise Road, Pomeroy, Ohio.

16. At all relevant times Defendant Fitch was the sheriff of the Meigs County Sheriff's office.

17. On or about December 21, 2022, while working in their official capacity as Deputy Sheriff, Defendants Hutton and Golsby responded to a report of a fight involving Plaintiff Caleb Ellis. That call did not originate from Plaintiff Charles Ellis or anyone at his home. The alleged incident involving Plaintiff Caleb Ellis did not occur at the home of Plaintiff Charles Ellis.

18. After interviewing the alleged victim, at a separate location, Defendants Hutton and Golsby went to 42156 Enterprise Road, Pomeroy, Ohio, Plaintiffs home. This occurred sometime after 7 pm, while it was dark outside. There they encountered Plaintiff Charles Ellis, who was inside his home. Prior to arriving deputies did not see nor contact Plaintiff Caleb Ellis outside of Plaintiff Charles Ellis' home.

19. When deputies knocked on the door of his home Plaintiff Charles Ellis told them to leave. Defendant Hutton responded by telling him to "shut his mouth." Defendants Hutton and Golsby refused to leave, instead they remained in the curtilage of Plaintiff Charles Ellis' home.

20. When deputies refused to leave the curtilage, Plaintiff Charles Ellis asked his wife to get his phone, so that he could record the unlawful actions of deputies. Plaintiff Caleb Ellis then opened the door to speak to the deputies. Defendant Hutton asked Plaintiff Caleb Ellis what was said by Plaintiff Charles Ellis. Plaintiff Caleb Ellis explained that his dad had requested his phone.

21. Defendants Hutton and Golsby would later falsely report that Plaintiff Charles Ellis requested that someone get him his gun.

22. Defendants Hutton and Golsby did not immediately make entry after hearing Plaintiff Charles Ellis' statement, instead they remained at the door and argued with Plaintiff Caleb Ellis.

23. During the interaction Plaintiff Charles Ellis can be seen on the bodycam footage, in the background, on his phone attempting to access his camera.

24. Plaintiff Caleb Ellis remained inside the home and continued his conversation, asserting his right to remain inside the home, as the deputies shout conflicting commands.

25. Defendant Hutton threatened Plaintiff Caleb Ellis with an arrest for assault if he refused to step outside of the home to speak with deputies.  But Plaintiff Caleb Ellis refused to exit the home; instead, he told deputies he will speak with them while staying where he is.  At no point did Plaintiff Caleb Ellis exit the house voluntarily.

26. Defendant Hutton held the door open and told Plaintiff Caleb Ellis that the deputies would come into the home to arrest him if he did not exit.  Defendant Hutton then told Plaintiff Caleb Ellis that Defendant Hutton could enter the home without a warrant.

27. Plaintiff Caleb Ellis then requested to put on a shirt before leaving the home.  Before Plaintiff Caleb Ellis could do so, and without a warrant, Defendant Golsby forcibly entered the home, followed by Defendant Hutton.

28. When deputies entered the home, Plaintiff Charles Ellis repeatedly shouted for them to leave.  The deputies shouted in response.

29. One of the defendant deputies tased the family dog.

30. Plaintiff Caleb Ellis is forcibly removed from his home.

31. Plaintiff Charles Ellis attempted to exit the home so he could continue recording the encounter when one of the deputies forced the front door closed on Plaintiff Charles Ellis, striking Plaintiff Charles Ellis with the door.

32. Deputies re-enter the home, and forcibly take Plaintiff Charles Ellis to the ground—in his home, with his wife looking on—and place handcuffs on him.

33. Then, the deputies drag Plaintiff Charles Ellis down his front steps and through his yard.

34. Plaintiff Charles Ellis is arrested and taken into custody at the jail of Defendant Meigs County Ohio.

35. On December 22, 2022, Defendant Golsby filed a complaint alleging a violation of R.C. 2903.13(A)(3), felonious assault on a police officer, in Meigs County Court case no. CRA2200522. In his complaint Deputy Golsby wrote that Plaintiff Charles Ellis assaulted him by "striking Deputy Golsby with a metal frame door nearly causing Deputy Golsby to lose his balance and fall off the stairs to his residence."

36. On that same day, Defendant Golsby filed a complaint alleging Plaintiff Charles Ellis violated R.C. 2921.33, resisting arrest, in Meigs County Court case no. CRB220523.

37. On January 3, 2023, both matters were directly bound over to the common pleas court after a waiver of preliminary hearing.

38. The bind over was received and filed by the Meigs County Common Pleas Court on January 11, 2023, in Meigs County Common Pleas Court case no. 23CR001.

39. Plaintiff Charles Ellis filed a plea of not guilty and requested discovery.

40. Upon review by the prosecuting attorney, the State filed a Motion to Dismiss on April 6, 2023, before the case was ever presented to a grand jury.

41. The Meigs County Common Pleas Court filed an entry dismissing the case on April 7, 2023.

42. Defendant Meigs County Sheriff's Office maintains a Facebook page titled "Meigs County Sheriff's Office."

43. Defendant Stewart is responsible for maintaining that page.

44. Subsequent to the arrest and prosecution of Plaintiffs, both Plaintiff Charles Ellis and Plaintiff Caleb Ellis have been blocked from accessing the Meigs County Sheriff's Office Facebook page.

45. Defendant Megis County Sheriff's Office has created a formal policy that governs comments on their Facebook page that violates both the Ohio and United States Constitutions.

46. At all times described herein Defendants were acting in their official capacity and under color of law.

**VI.     Legal Claims**

**First Claim for Relief**
**Against Defendant Meigs County, Defendant Fitch, Defendant Hutton, and Defendant Golsby in Violation of <u>42 U.S.C. § 1983</u>**
**(Fourth Amendment—Unlawful Entry)**

47. Plaintiffs re-alleges all prior paragraphs of the Complaint as if set out here in full.

48. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacities.

49. By entering the home of Plaintiff Charles Ellis and Plaintiff Caleb Ellis, without a warrant or an exception to the warrant requirement, Defendants have violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

50. As a direct and proximate result of Defendants' acts, Plaintiffs have and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

**Second Claim for Relief**
**Against Defendant Meigs County, Defendant Fitch, Defendant Hutton, and Defendant Golsby in Violation of <u>42 U.S.C. § 1983</u>**
**(Fourth Amendment—Excessive Force)**

51. Plaintiffs re-alleges all prior paragraphs as if set out here in full.

52. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacities.

53. Defendants used excessive force when seizing and arresting Plaintiff Charles Ellis and Plaintiff Caleb Ellis, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

54. As a direct and proximate result of Defendants' acts, Plaintiffs have and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

**Third Claim for Relief**
**Against Defendant Meigs County, Defendant Fitch, Defendant Hutton, and Defendant Golsby in Violation of 42 U.S.C. § 1983**
**(Fourth Amendment—Unlawful Prosecution)**

55. Plaintiff Charles Ellis re-alleges all prior paragraphs as if set out here in full.

56. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacities.

57. Defendants lacked probable cause to arrest, detain, and pursue charges against Plaintiff Charles Ellis in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

58. As a direct and proximate result of Defendants' acts, Plaintiff Charles Ellis has and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

**Fourth Claim for Relief**
**Against Defendant Meigs County**
**Violation of 42 U.S.C. § 1983**
**(Monell Liability)**

59. Plaintiffs re-alleges all prior paragraphs as if set out here in full.

60. This claim is brought against Defendant Meigs County, Ohio for the policies, customs, procedures, and ratification of civil rights violations carried out by the Defendants.

61. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that there was no probable cause to pursue charges against Plaintiff Charles Ellis.

62. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that deputies were conducting unlawful searches and seizures.

63. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that deputies were using excessive force while engaged in seizures and arrests.

64. Upon information or belief, Defendant Meigs County had actual knowledge, and/or had constructive knowledge, that deputies lacked appropriate training regarding searches and seizures.

65. The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference in the training, supervision, and punishment of deputies related to searches and seizures on the part of Defendant Meigs County to the constitutional rights of Plaintiffs, and were a direct and proximate cause of Plaintiffs rights alleged herein.

66. As a direct and proximate result of Defendants' acts, Plaintiffs have and continues to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

**Fifth Claim for Relief**
**Against Defendant Meigs County, Defendant Fitch, Defendant Hutton,**
**and Defendant Golsby**
**R.C. 2307.60: Violation of Ohio Revised Code 2921.45 et seq.**
**(Interfering with Civil Rights)**

67. Plaintiffs re-alleges all prior paragraphs as if set out here in full.

68. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Hutton and Defendant Golsby in their individual capacity, based upon a violation of R.C. 2921.45 et seq, which prohibits public servants from depriving any person of a constitutional or statutory right.

69. At all times relevant each Defendant named in this claim was an employee and/or agent of Meigs County, Ohio, acting within the course and scope of their employment and in furtherance of the interest of and with the consent of Meigs County, Ohio.

70. R.C. 2921.45 states "(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

71. Defendants acted knowingly and intentionally, and their actions were the direct and proximate cause of at least one violation of Plaintiffs Constitutional and statutory rights which caused Plaintiff to suffer actual and financial harm.

72. As a direct and proximate result of Defendants' acts, Plaintiffs have and continue to suffer damages, including loss of liberty, a deprivation of rights, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear and great inconvenience.

**Sixth Claim for Relief**
**Against Defendants Meigs County, Fitch, and Stewart**
**Violation of 42 U.S.C. § 1983**
**(First Amendment Violation)**

73. Plaintiffs re-allege all prior paragraphs as if set out here in full.

74. This claim is brought against Defendant Meigs County, Defendant Fitch in his official capacity, and Defendant Stewart in his individual capacity.

75. In response to Plaintiffs criticism, Defendants have engaged in a pattern of retaliatory conduct meant to stifle the criticism of Plaintiff.

76. Defendants control and operate the Meigs County Sheriff's Office page on Facebook. That page provides the community with vital community information.

77. Plaintiffs have engaged in protected speech by criticizing Defendants.

78. In response to criticism Defendants have created an unconstitutional policy regarding comments left on their page.

79. Defendants have also used the page to disparage and lie about Plaintiffs.

80. Plaintiff Charles Ellis and Plaintiff Caleb Ellis have been "blocked" from interacting with the page.

81. By deleting unfavorable or politically disadvantageous comments and by blocking Plaintiffs from the Facebook Page maintained by the Defendant Stewart on behalf of Defendant Meigs County Sheriffs Office, Defendant Stewart has violated and continues to violate the First Amendment of the United States Constitution.

82. The deprivation of such First Amendment activities has harmed and continues to cause harm Plaintiffs Charles Ellis and Plaintiff Caleb Ellis, and others who had their similarly critical comments deleted.

83. The acts and decisions of Defendants were designed to intentionally or wantonly cause harm to Plaintiff Charles Ellis and Plaintiff Caleb Ellis due to the utter disregard of Plaintiff's federally protected rights.

## VII. Prayer for Relief

**Wherefore,** Plaintiff Charles Ellis and Plaintiff Caleb respectfully demand judgment against Defendants, jointly and severally, and asks the Court for the following relief:

(a) Declare that Defendants have violated Plaintiffs civil rights;

(b) Permanently enjoin and prohibit Defendants from interfering with Plaintiff Charles Ellis and Plaintiff Caleb Ellis' constitutional rights. Specifically, to enjoin Defendants from:

   a. Retaliating against Plaintiffs, their family, or friends for bringing this lawsuit; and

   b. Subjecting Plaintiffs to civil rights violations in the future.

(c) Compensation for financial losses, including pre- and post-judgment interest;

(d) Conscious pain and suffering;

(e) Punitive damages;

(f) Compensatory damages;

(g) Reasonable attorneys' fees and costs in connection with Plaintiffs 42 USC § 1983 and R.C. 2307.60 counts;

(h) Any and all other and further relief as this Court may deem appropriate.

## VIII. Jury Demand

Plaintiff Charles Ellis and Plaintiff Caleb Ellis demand trial by jury on all counts of the Complaint.

/s/ *L. Scott Petroff*
L. Scott Petroff (#0099563)
Attorney at Law LLC
Counsel for Plaintiff
8 North Court Street, Suite 307
Athens, Ohio 45701
Tel: (740)593-5591
Fax: (740)206-1617
Scott@ScottPetroffLaw.com

/s/ Evan J. Lewis
JEFFREY M. LEWIS CO., L.P.A.
Haley K. Lewis (0095514)
Evan J. Lewis (0101598)
495 S High St., St. 400
Columbus, OH 43215
Telephone: 614-384-2075
Fax: 614-384-2076
evan@lawyerlewis.com

*Attorneys for Plaintiffs*